UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cr-00103-TWP-DLP ) |
| KERRI AGEE, aka Kerri Agee-Smith, | ) -01 |
| KELLY ISLEY, | ) -02 |
| NICOLE SMITH, aka Nicole Smith-Kelso, | ) -03 |
| CHAD GRIFFIN, and | ) -04 |
| MATTHEW SMITH, | ) -05 ) |
| Defendants. | ) |

## ENTRY ON DEFENDANT AGEE'S MOTION TO SEVER

This matter is before the Court on Defendant Kerri Agee's ("Ms. Agee") Motion to Sever (Filing No. 132).[1] Ms. Agee and co-Defendants Kelly Isley ("Ms. Isley"), Nicole Smith-Kelso ("Ms. Smith-Kelso"), Chad Griffin ("Mr. Griffin"), and Matthew Smith ("Mr. Smith") are scheduled for jury trial on July 26, 2021, on multiple counts of wire fraud affecting a financial institution and conspiracy to commit wire fraud affecting a financial institution. Ms. Agee seeks to sever her trial from the trial against Ms. Isley and any co-Defendant for whom the Government intends to introduce a confession implicating Ms. Agee. For the following reasons, the Motion to Sever is **denied**.

### I. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)") provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The district court should grant

---

[1] Ms. Smith-Kelso moved to join in Ms. Agee's Motion to Sever, which the Court granted (Filing No. 154).

severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The United States Supreme Court has instructed federal courts to interpret the requirements of Rule 8(b) liberally in favor of joinder. *Id.* at 537. Rule 8(b) is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials, but only so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *Id.* at 540. Thus, "[t]here is a strong preference that coconspirators be jointly tried, particularly where, as here, they were indicted together." *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011); *see also United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007) ("It is well settled that co-conspirators who are charged together should be tried together").

Federal Rule of Criminal Procedure 14 ("Rule 14") allows the district court to sever a defendant's trial if joinder appears to prejudice the defendant, and the defendant bears the heavy burden of making "'a strong showing of factually specific and compelling prejudice' that will 'mislead or confuse the jury.'" *United States v. Dixon*, 2015 U.S. Dist. LEXIS 65126, at *2 (S.D. Ind. May 19, 2015) (quoting *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990)); *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) ("defendant seeking severance at trial from co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice").

The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro* at 539. To make this showing, "the defendant must demonstrate the jury's inability to distinguish the evidence

relevant to each defendant." *Moore*, 917 F.2d at 221. A defendant is not entitled to severance "merely because [she] may have a better chance of acquittal in [a] separate trial[]." *Zafiro* at 540. "'Even a showing that two defendants have mutually antagonistic defenses, that is, that the jury's acceptance of one defense precludes any possibility of acquittal for the other defendant, is not sufficient grounds to require a severance unless the defendant also shows prejudice to some specific trial right.'" *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (quoting *United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001)); *see also United States v. Plato*, 629 F.3d 646, 650 (7th Cir. 2010) (explaining that *Zafiro*, 506 U.S. at 538, expressly held that severance is not required when codefendants present mutually antagonistic defenses); *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006) (the mere presentation of mutually antagonistic defenses does not require severance). Moreover, even "finger-pointing" and "blame-shifting among codefendants, without more, does not mandate severance." *Plato*, 629 F.3d at 650-51. Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. In such cases, "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *Id*.

If the defendant is "able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials." *Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000). The defendant's burden is to demonstrate 'severe prejudice' resulting from the district court's refusal to sever. *United States v. Donovan*, 24 F.3d 908, 915 (7th Cir. 1994).

## II.   DISCUSSION

Ms. Agee "moves the Court to sever her case from that of any co-Defendant for whom the government intends to introduce a confession implicating Ms. Agee and, in particular, Kelly Isley."

3

(Filing No. 132 at 1.) Ms. Agee has been charged with co-Defendant Ms. Isley for conspiring to commit wire fraud affecting a financial institution and four individual counts of wire fraud affecting a financial institution. Ms. Agee is alleged to have been the founder, president, and chief executive officer of Banc-Serv, and Ms. Isley is alleged to have been the chief operating officer of Banc-Serv. They are the only two executive level employees on trial in this case, and therefore, Ms. Agee argues, any statement made by Ms. Isley, especially a confession, will have irreparable repercussions against Ms. Agee if it is improperly introduced at trial. Ms. Agee argues that this is particularly true of any statements by Ms. Isley regarding Banc-Serv's policies and procedures or her interpretation of the Small Business Administration ("SBA") rules, regulations, and standard operating procedures.

Ms. Isley has provided two statements, one pursuant to a proffer agreement, to the Government regarding the allegations in the Amended Indictment. Ms. Isley admits to some of the allegations against her individually and also admits that she and Ms. Agee and others were trying to hide information from the SBA as well as other incriminating statements. Ms. Isley's statement provides admissions and also accusations against her. Ms. Agee believes the Government may use Ms. Isley's statement against her to rebut any evidence or argument she may offer at trial or even to rebut her defense strategy.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court considered the question of whether evidence of a co-defendant's confession could be introduced in a joint trial of multiple defendants, subject to a limiting instruction that the statement could be used as evidence only against the defendant who made it. The Supreme Court held that even despite clear limiting instructions, "admission of a [co-defendant's] confession in this joint trial violated [Bruton's] right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Id.* at 126.

"[T]he underlying rationale of the Sixth Amendment's Confrontation Clause precludes reliance upon cautionary instructions when the highly damaging out-of-court statement of a codefendant, who is not necessarily subject to cross-examination, is deliberately placed before the jury at a joint trial." *Id*. at 137-138 (Stewart, J. concurring) (internal citations omitted). "A basic premise of the Confrontation Clause . . . is that certain types of hearsay . . . are at once so damaging, so suspect, and yet so difficult to discount, that jurors cannot be trusted to give such evidence the minimal weight it logically deserves, *whatever* instructions the trial judge might give." *Id*. at 138 (emphasis in original). (Filing No. 133 at 3.)

Ms. Agee argues she will have no opportunity to cross-examine co-Defendant Ms. Isley on her confession because Ms. Isley has a Fifth Amendment right not to testify. It is unlikely that Ms. Isley will testify in this case because she has given two incriminating statements to the Government. Ms. Agee believes Ms. Isley will defend against the allegations, which will open the door for the Government to introduce her proffer statement, and that is the precise scenario *Bruton* forbids--where there is an unavoidable conflict between one defendant's Fifth Amendment right not to testify and another's Sixth Amendment right to confrontation. Ms. Agee asserts "there is no limiting instruction that can cure this problem," thus, the Court should sever her case from that of any co-Defendant for whom the Government intends to introduce a confession implicating Ms. Agee. (Filing No. 133 at 4.) Alternatively, the Court should exclude any incriminating statements of alleged co-conspirators who are not going to testify. *Id*.

The Government responds that Ms. Isley's statements can easily and effectively be anonymized in order to prevent the obvious identification of Ms. Agee, so the Motion to Sever should be denied. The Government points out that the federal system prefers defendants who are indicted together to be tried together, and this is especially true of co-conspirators. *United States*

*v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017). Joint trials "promote efficiency" and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro* at 537. "[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). "[A] redacted confession of a nontestifying co-defendant may be admitted as long as the redaction does not 'obviously' refer to the defendant." *United States v. Green*, 648 F.3d 569, 575 (7th Cir. 2011).

The Government asserts that Ms. Agee's alleged unavoidable conflict between one defendant's Fifth Amendment right not to testify and another's Sixth Amendment right to confrontation is easily resolved by *Bruton's* and its progeny's preferred option of redacting the statements to prevent any co-Defendants from being identified and providing an appropriate limiting instruction. Moreover, if a co-Defendant's proffer-protected statements are admitted during trial, the Government will seek to avoid references to any other Defendant that may have been discussed by the declarant entirely, when possible. And, when not possible, the Government will anonymize references to the other Defendants in a way that would not make them facially identifiable.

Because Ms. Agee is so easily excised or anonymized from Ms. Isley's statements, the Government contends there can be no Confrontation Clause issue. The Government additionally would seek a limiting instruction, instructing the jury that the declarant Defendant's statement can only be considered as to declarant Defendant herself and not for any of the other co-Defendants.

The Court is not persuaded by Ms. Agee's argument that there is no limiting instruction that can cure any potential *Bruton* problems in this case. The case law is clear that severing

criminal trials of co-conspirators is not preferred, and here, redacting or anonymizing a non-testifying co-defendant's statement with an accompanying limiting instruction resolves any *Bruton* issue. As noted by the Government, in *Green*, the Seventh Circuit upheld a conviction in which the Government changed the reference to the defendant to be a "straw buyer." 648 F.3d at 575–76. In *United States v. Javell*, the Seventh Circuit upheld a conviction in which they removed references to the defendant entirely, instead just concentrating on the non-testifying co-defendant's own activities. *Javell*, 695 F.3d 707, 712 (7th Cir. 2012). And in *United States v. Stockheimer,* the government changed a reference to the defendant to use an open-ended reference ("inner circle"), and the Seventh Circuit found no Sixth Amendment violation. *Stockheimer*, 157 F.3d 1082, 1086–87 (7th Cir. 1998). "[S]o long as it was accompanied by a proper limiting instruction to the jury and it did not facially incriminate the defendant, the co-defendant's redacted confession was admissible at trial." *Javell*, 695 F.3d at 712. Here, the Government can effectively and appropriately redact or anonymize any co-Defendant's statement if it is ever introduced into evidence, and a limiting instruction will be given.

Finally, the Court must balance the public interest in efficiency and economy which result from a joint trial against the possibility of undue prejudice to the defendant. *See Donovan,* 24 F.3d at 914-15; *United States v. Hanhardt*, 151 F. Supp. 2d 971, 974 (N.D. Ill. 2001). The Court concludes that principles of judicial economy and fairness weigh against severance in this case. Ms. Agee's argument for severing her trial from the Ms. Isley and the other co-Defendants trial is unavailing, therefore severance is not warranted and the Motion to Sever is **denied**.

### III. CONCLUSION

For the reasons stated above, Ms. Agee's Motion to Sever (Filing No. 132), is **DENIED**. If the Government introduces any co-Defendant's statement during trial, such statement must first be appropriately redacted or anonymized, and a limiting instruction will be given.

**SO ORDERED.**

Date: 7/9/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

James H. Voyles
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jvoyles@voyleslegal.com

Jennifer Lukemeyer
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jlukemeyer@voyleslegal.com

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

William E. Johnston
US DEPARTMENT OF JUSTICE
william.johnston4@usdoj.gov

Vasanth Raman Sridharan
US DEPARTMENT OF JUSTICE
vasanth.sridharan@usdoj.gov