UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:19-cr-00103-TWP-DLP |
| KERRI AGEE, aka Kerri Agee-Smith, | ) | -01 |
| KELLY ISLEY, | ) | -02 |
| NICOLE SMITH, aka Nicole Smith-Kelso, | ) | -03 |
| CHAD GRIFFIN, and | ) | -04 |
| MATTHEW SMITH, | ) | -05 |
| Defendants. | ) | |

**ENTRY ON MOTIONS IN *LIMINE***

This matter is before the Court on Motions in *Limine* filed by Defendant Kerri Agee ("Ms. Agee") (Filing No. 131; Filing No. 143);[1] and Plaintiff United States of America ("the Government") (Filing No. 144). Ms. Agee and co-Defendants Kelly Isley ("Ms. Isley"), Nicole Smith-Kelso ("Ms. Smith-Kelso"), Chad Griffin ("Mr. Griffin"), and Matthew Smith ("Mr. Smith") are set to be tried by a jury on July 26, 2021, on multiple counts of wire fraud affecting a financial institution and conspiracy to commit wire fraud affecting a financial institution. For the following reasons, the Motions in *Limine* are **granted in part and denied in part**.

**I.     LEGAL STANDARD**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D.

---

[1] Ms. Smith-Kelso moved to join in Ms. Agee's Motion in *Limine*, which the Court granted (Filing No. 154).

Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Government's Motion in *Limine* seek a ruling to admit lay opinion testimony and to exclude evidence and argument seeking to "blame the victim." Ms. Agee's Motions in *Limine* seeks a ruling to expand the scope of cross examination and to prohibit certain evidence and argument. The Court will address each Motion in turn.

### A. Government's Motion to admit lay opinion testimony

The Government asks the Court to permit lay opinion testimony from four Small Business Administration ("SBA") employees—Frank Pucci, Michelle Serrano, Janel Newbold, and Theresa Hendrix—or alternatively to call these witnesses as experts on the SBA's rules and processes. These witnesses are expected to testify about the rules and processes for approving SBA guaranteed loans and for requesting that the SBA honor those guarantees based upon the witnesses' particularized, personal knowledge that they acquired through their work at the SBA. They also are expected to testify concerning whether certain loans originated or packaged by the Defendants complied with those rules.

Frank Pucci and Theresa Hendrix worked on the guarantee side of the SBA, and they approved guarantees and modifications to those guarantees or supervised others who did. Janel Newbold and Michelle Serrano worked on the purchasing side of the SBA, and they decided

whether the SBA would honor the guarantees. Each of these witnesses has decades of experience working at the SBA as well as prior relevant experience.

The Government asserts that the Rules of Evidence permit a witness who is not testifying as an expert to offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Federal Rule of Evidence 701. For example, the Government notes, courts have permitted bank witnesses to offer lay opinion testimony about lending decisions the witnesses were not personally involved in when those witnesses had contemporaneous personal knowledge of the bank's underwriting practices via their employment with that bank. *See United States v. Kerley*, 784 F.3d 327, 337 (6th Cir. 2015) ("The fact that neither witness was personally involved in the loan transactions at issue does not preclude their testimony under Rule 701.").

The Government argues that the proposed testimony by the SBA witnesses qualifies as permissible fact and lay opinion testimony. Testimony about whether certain loans comply with SBA rules is permissible lay opinion testimony; because the SBA witnesses acquired their knowledge of SBA rules and practices during the course of their employment with the SBA, and their testimony will be limited to their personal knowledge of SBA rules and practices, their testimony is not expert testimony.

The Government further asserts that, if the Court views this testimony to be expert testimony, it has provided in its Motion a written summary of the expected testimony and the qualifications of each of the witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

Ms. Agee responds that the Court should allow only testimony and evidence concerning the rules, regulations, and standard operating procedures governing the SBA programs, not

3

whether any of the Defendants violated such rules or hypothetical and speculative testimony as to whether a submission to the SBA would have been rejected had the assumed violation of the rule been discovered. Ms. Agee argues the Government should not be allowed to offer opinions through its witnesses as to whether the Defendants violated the rules in specific instances or as to how the rules apply to hypothetical situations. Ms. Agee points to *United States v. Van Eyl*, 468 F.3d 428, 437 (7th Cir. 2006), where the Seventh Circuit affirmed the district court's decision to exclude all lay witness testimony about the witnesses' beliefs that the defendant's actions were unlawful.

The Government's Motion in *Limine* is **granted in part and denied in part** as follows. The Government's four SBA witnesses and their proposed testimony meet the criteria of Rule 701 for lay opinion testimony. The Court notes that the lay witnesses in *Van Eyl* were merely co-workers. Here, the SBA witnesses acquired their knowledge of SBA rules and practices during the course of their employment with the SBA, and their testimony will be limited to their personal knowledge of SBA rules and practices. Therefore, the Court will allow the four SBA witnesses to provide fact and lay opinion testimony about the rules, regulations, and standard operating procedures governing the SBA programs as well as fact and lay opinion testimony about the Defendants' conduct and whether the witnesses believe that the conduct complied with SBA rules, regulations, and standard operating procedures. However, these lay witnesses may not provide hypothetical or speculative testimony as such would be unfairly prejudicial and likely would not be helpful to understanding the testimony or determining a fact in issue.

The Government has provided notice of its intention to qualify those same four witnesses as experts on SBA rules and processes pursuant to Rule 16(a)(1)(G). If the Government moves to

qualify its witnesses as experts so that the witness may answer hypothetical questions, it may make that motion during trial.

**B.       Government's Motion to exclude evidence and argument seeking to blame the victim**

In its second Motion in *Limine*, the Government asks the Court to prohibit the Defendants from presenting evidence or argument that seeks to "blame the Small Business Administration (SBA) for the defendants' fraudulent scheme." ([Filing No. 144 at 1](#).)  The Defendants are alleged to have perpetrated a scheme to defraud the SBA by fraudulently obtaining loan guarantees and then inducing the SBA to purchase the guarantees.  The Defendants allegedly deceived the SBA, and the Government argues that the Defendants may attempt at trial to place blame on the SBA by suggesting the SBA did not do its own due diligence.  The Government asserts that the Seventh Circuit has long held that "the perpetrator of a fraud may not defend himself by blaming the victim for being duped." *United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007).

Where the Defendants intended to deceive the SBA and made material misrepresentations—that is, statements "having a tendency to influence or to be capable of influencing the decision-maker," *United States v. Weimert*, 819 F.3d 351, 355 (7th Cir. 2016)—it is irrelevant whether the SBA knew of the deceitful practice or was negligent in failing to stop it.  Thus, the Government asserts, the Court should prohibit the Defendants from "introducing any evidence or argument that the SBA was negligent in its approval or purchase of the loan guaranties at issue in this case or in the documentary requirements it placed on loan proceeds categorized as working capital." ([Filing No. 144 at 2](#).)

Ms. Agee responds that the Defendants have been charged with participating in a scheme to defraud affecting a financial institution, thereby putting a financial institution at a new or increased risk of loss. *See United States v. Marr*, 760 F.3d 733, 743–44 (7th Cir. 2014).  In its

5

Motion, the Government asserts that the SBA is the victim and the Defendants will seek to blame the victim. However, Ms. Agee argues, the victim in a wire fraud scheme affecting a financial institution is the financial institution, not a government agency. *See United States v. Agne*, 214 F.3d 47, 52 (1st Cir. 2000). Ms. Agee asserts that the SBA is not a "financial institution" and cannot be a victim, pointing to 18 U.S.C. § 20.

Ms. Agee argues the Government should not be permitted to mischaracterize the SBA as the victim in order to shield it from an accurate defense to the charges. She contends the evidence will show the SBA did not communicate policies and guidelines to its loan specialists, who in turn made inconsistent decisions that guided the Defendants' conduct. The Defendants sought and obtained advice from SBA personnel on how to get loans approved in complex situations. And the alleged material omissions of fact were facts to which the SBA had easy access but did nothing to discover or verify. When a loan defaulted, the SBA quickly compromised its loss with the banks who funded the loans in question rather than seek insurance proceeds to cover the full amount of the guarantee. Ms. Agee asserts that this evidence shows a lack of intent to defraud the SBA and a lack of materiality of any omitted facts. By seeking to prohibit evidence "seeking to blame the victim," the Government is asking the Court to prohibit the Defendants from presenting a defense, and the Defendants have a right to present a meaningful defense.

The Court first notes that "the wire fraud statute only requires the government to prove that a defendant intended for his or her scheme to defraud *someone*, a financial institution does not need to be the intended victim." *Marr*, 760 F.3d at 744 (emphasis in original). However, the Court concludes that Ms. Agee's position is well-taken. The Defendants are entitled to present a meaningful defense to the criminal charges against them. It appears at this stage that the Defendants do not intend to "defend [themselves] by [simply] blaming the victim for being duped."

*Serfling*, 504 F.3d at 679. Rather, Defendants intend to present evidence that will go to the issues of their state of mind, intent, and materiality of allegedly omitted facts. At this pretrial stage, the Government has not shown that the evidence clearly is not admissible for any purpose, so the evidentiary ruling must be deferred until trial so that questions of relevance and prejudice may be resolved in context. Therefore, the Court **denies** this Motion in *Limine*.

### C. Ms. Agee's Motion in *Limine*

In her Motion in *Limine*, Ms. Agee asks the Court to prohibit the Government from presenting argument or evidence about (1) her alleged expenditure of funds, (2) other litigation and allegations against Ms. Agee, (3) what the "law" is, (4) hearsay from alleged co-conspirators/co-Defendants without a *Santiago* proffer, (5) incriminating statements from alleged co-conspirators/co-Defendants, and (6) inappropriate lay opinion testimony. She also asks the Court to expand the scope of cross examination under Federal Rule of Evidence 611(b).[2]

#### 1. Ms. Agee's alleged expenditure of funds

Ms. Agee first asks the Court to exclude any evidence or argument about her expenditure of funds as this evidence and argument is not relevant to the criminal charges against her and would only be presented to unfairly prejudice her. In response, the Government notes that it "does not object to this motion, and it will not refer to Agee's personal expenditures in its case in chief." (Filing No. 161 at 1.) Evidence and argument about Ms. Agee's expenditure of funds is not relevant and would be unfairly prejudicial; accordingly, the Motion is **granted** and the parties are prohibited from presenting evidence and argument about Ms. Agee's expenditure of funds.

---

[2] None of Ms. Agee's co-Defendants responded or objected to her Motion in *Limine*.

### 2. Other litigation and allegations against Ms. Agee

Ms. Agee asks the Court to prohibit the parties from discussing other litigation involving her, including her divorce proceedings with co-Defendant Mr. Smith, litigation with the company that acquired Banc-Serv, and her 2020 bankruptcy proceedings. She asserts that this other litigation is irrelevant, unduly prejudicial, and inadmissible under Rule 404(b). "The United States does not object to this motion, and it will not refer to Defendant Agee's litigation in its case in chief." ([Filing No. 161 at 1](#).) Ms. Agee's argument is well-taken, and the Court **grants** this request; the parties are not permitted to present evidence or argument about Ms. Agee's other litigation.

### 3. What the "law" is

Ms. Agee requests exclusion of any legal testimony or argument concerning the SBA guidelines, regulations, and standard operating procedures governing the SBA loan programs at issue in this case. She asserts that allegations in the Amended Indictment "indicate that the Government intends to focus the jury's attention at trial as to 'what the law is' as it relates to the SBA loan programs at issue." ([Filing No. 131 at 5](#).) However, she argues, the Seventh Circuit is clear that instructing the jury on the law is the Court's responsibility; that is not the role of the attorneys or witnesses. *See United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008).

Ms. Agee further contends,

> The Court should examine any statutes, regulations, standard operating procedures, or "guidelines" that the Court decides apply to the facts of this case and decide whether it is appropriate to instruct the jury on them at the conclusion of trial. Without the Court acting as gatekeeper in this fashion, the Government will likely attempt to persuade the jury that what the SBA says the law is, is the law. Jurors cannot be expected to appreciate the subtleties and legal distinctions between agency "guidelines" or standard operating procedures and regulations; or regulations and statutes. They should not have to. Seasoned lawyers sometimes misapprehend those distinctions.

([Filing No. 131 at 5](#).)

In response, the Government acknowledges expert witnesses cannot directly testify as to the meaning of "statute[s] and regulations," *Caputo*, 517 F.3d at 942; however, "experts are allowed to testify about how they enforce regulations, whether transactions comply with regulations, and how they ensure that the public knows about regulations." *United States v. Davis*, 471 F.3d 783, 789 (7th Cir. 2006). A witness may testify about how a government agency interprets a rule without such testimony being an improper interpretation of the law.

The SBA witnesses will not testify as legal experts as to what the law is as it relates to the SBA loan programs at issue, and they will not be asked to interpret a regulation or a statute. Instead, these witnesses will explain the rules set out in the SBA standard operating procedures, which guided their own loan guarantee and purchasing decisions as SBA employees and whether the loans in questions complied with those rules. The Government argues that this is proper fact and lay opinion testimony that does not amount to a legal conclusion.

The Court is persuaded by the Government's argument. At this stage, Ms. Agee's broad, categorical request **cannot be granted** in *limine*, and specific objections should be raised during the course of trial so that objections can be resolved in context. The Court directs the parties to the discussion and conclusion above regarding the Government's Motion for lay opinion testimony from the SBA witnesses about the SBA rules, regulations, and standard operating procedures.

### 4. Hearsay from alleged co-conspirators/co-Defendants without a *Santiago* proffer

Ms. Agee asks the Court to prohibit the Government from introducing any statements of alleged co-conspirators without first meeting its burden pursuant to Rules of Evidence 801 and 802 and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). "Ms. Agee moves in an abundance of caution for an order prohibiting the introduction of any such statements unless and until the *Santiago* criteria are established by a preponderance of the evidence." (Filing No. 131 at

[6](.) The Government responds, "[a]s the United States timely filed a *Santiago* Proffer, this motion is moot." ([Filing No. 161 at 4](.)) The Government filed a *Santiago* proffer, and two Defendants, including Ms. Agee, have filed responses to the *Santiago* proffer (*see* [Filing No. 147](;) [Filing No. 159](;) [Filing No. 168](.)) The Court **denies as moot** this request under the Motion in *Limine* and will address the *Santiago* proffer under separate order.

### 5. Incriminating statements from alleged co-conspirators/co-Defendants

For her next request, Ms. Agee explains,

> Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) and in the alternative to her motion to sever, which is also being filed today, Ms. Agee respectfully moves the Court in limine to prohibit the United States and its Counsel from introducing any incriminating statements of alleged co-conspirators who are not going to testify. In particular, Ms. Agee has identified in her motion to sever certain portions of the confessions of co-Defendant Kelly Isley which are incapable of being redacted in a manner that does not clearly implicate Ms. Agee. *Cf. Richardson v. Marsh*, 481 U.S. 200 (1987); *see also United States v. Bronk*, 604 F. Supp. 743, (W.D. Wis. 1985) (acknowledging, in denying defendants' motion for severance, that the government "must purge" references to other defendants contained in any extrajudicial statements of a non-testifying defendant or risk declaration of a mistrial should prejudicial references to other defendants occur). "[R]edactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results." *Gray v. Maryland*, 523 U.S. 185, 195 (1998). If the government persists in trying Ms. Agee with Ms. Isley and the other co- Defendants, then it must be prohibited from introducing confessions from Ms. Isley that implicate Ms. Agee.

([Filing No. 131 at 7](.))

The Government responds,

> This motion should be denied in its entirety. However, because it is so interrelated with Defendant Agee's Motion to Sever (Dkt. 132, 133)[,] [t]he United States is filing a combined response to that motion to sever and the instant motion *in limine*, rather than duplicating the same analysis in two separate responses.

([Filing No. 161 at 4](.)) For the reasons discussed below in the section concerning the Motion to Sever, this request is **denied**.

### 6. **Inappropriate lay opinion testimony**

Ms. Agee asks the Court to exclude inappropriate lay opinion testimony from government agents, especially where they may be called to also provide expert testimony. If such "dual testimony" is provided, Ms. Agee asks that the Court ensure the jury clearly understands when the witness is testifying as an expert and when providing lay opinion testimony. Ms. Agee argues that the government agent witnesses should not be permitted to give opinion testimony as to the interpretation of unambiguous statements (some of which appear in the Amended Indictment), and they should not be permitted to give lay opinions about the interpretation of ambiguous SBA policies, regulations, and standard operating procedures.

The Government responds that this request should be denied as moot because it is not going to call its witnesses as expert witnesses, its witness (Christopher Conn) will not provide testimony about unambiguous statements but only about ambiguous statements he learned during the course of his investigation, and lay opinion testimony about SBA rules, policies, regulations, and standard operating procedures, will be properly offered through the SBA employee witnesses. The Government further notes that its witnesses will not provide "dual testimony," so Ms. Agee's concern is inapt.

Based on the Government's assertions and because Ms. Agee has not shown that this evidence clearly is not admissible for any purpose, the in *limine* request is **denied**. If such evidence is offered, an evidentiary ruling must be deferred and ruled upon within the context of trial.

### 7. **Expanding the scope of cross examination**

Lastly,

> Ms. Agee anticipates that the government will elicit testimony from law enforcement officers who participated in the investigation of this case and from other witnesses with first-hand knowledge of the events in question. Ms. Agee further anticipates that the testimony from these witnesses may be so limited in

scope that she will need to retain them under subpoena (or, pursuant to an agreement with the government) as defense witnesses following their testimony. Rule 611(b) of the Federal Rules of Evidence provides that "[c]ross-examination should be limited to the subject matter of direct examination and matters affecting the credibility of the witness," but further provides that the Court "may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Ms. Agee requests leave to expand the scope of cross-examination so that government witnesses who testify will not need to do so on two separate occasions.

(Filing No. 131 at 10.) Ms. Agee argues that this will promote judicial economy and the convenience of witnesses.

In response, the Government notes that it "has no objection to expanding the scope of cross examination for witnesses in order to facilitate judicial economy and the convenience of the witnesses." (Filing No. 161 at 5.) The Government further requests "that the Court order defense counsel to refrain from leading questioning when delving into a subject matter that was not covered on direct examination in accordance with Federal Rule of Evidence 611(b)-(c)." *Id.*

Because the Government does not object to expanding the scope of cross examination, and because this will promote judicial economy and the convenience of witnesses, the Court **grants** Ms. Agee's request to expand the scope of cross examination with the admonishment that leading questions should not be used for subject matters not covered during direct examination.

### III. <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS in part and DENIES in part** the parties' Motions in *Limine*. Ms. Agee's Motion in *Limine* at Filing No. 131 is **granted in part and denied in part**. The Government's Motion in *Limine* at Filing No. 143 is **granted in part and denied in part**, and the Government's Motion in *Limine* at Filing No. 144 is **denied**.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial,

counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 7/9/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

James H. Voyles
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jvoyles@voyleslegal.com

Jennifer Lukemeyer
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jlukemeyer@voyleslegal.com

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

William E. Johnston
US DEPARTMENT OF JUSTICE
william.johnston4@usdoj.gov

Vasanth Raman Sridharan
US DEPARTMENT OF JUSTICE
vasanth.sridharan@usdoj.gov