UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00103-TWP-DLP |
| | ) | |
| KERRI AGEE, KELLY ISLEY, | ) | -01, -02, -03, -04, -05 |
| NICOLE SMITH, CHAD GRIFFIN, | ) | |
| and MATTHEW SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO STRIKE SURPLUSAGE

This matter is before the Court on a Motion to Strike Surplusage filed by Defendant Kerri Agee ("Ms. Agee") (Filing No. 135).[1] Ms. Agee and co-Defendants Kelly Isley ("Ms. Isley"), Nicole Smith-Kelso ("Ms. Smith-Kelso"), Chad Griffin ("Mr. Griffin"), and Matthew Smith ("Mr. Smith") are set to be tried by a jury on July 26, 2021, on multiple counts of wire fraud affecting a financial institution and conspiracy to commit wire fraud affecting a financial institution. In her Motion, Ms. Agee asks the Court to strike surplusage from the Amended Indictment (Filing No. 107) pursuant to Federal Rule of Criminal Procedure 7(d). For the following reasons, the Motion to Strike Surplusage is **granted in part and denied in part**.

### I.  LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offenses charged" against the defendant. "Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are

---

[1] Ms. Smith-Kelso moved to join in Ms. Agee's Motion to Strike Surplusage, which the Court granted (Filing No. 154).

sufficient to charge a crime." *United States v. Peters*, 435 F.3d 746, 752 (7th Cir. 2006) (internal citation and quotation marks omitted). "A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored." *United States v. Miller*, 471 U.S. 130, 136 (1985) (internal citation and quotation marks omitted). Surplusage may include "those allegations which are insufficient to state an offense" under the indictment's charges. *United States v. Eckhardt*, 843 F.2d 989, 997 (7th Cir. 1988).

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The court's decision on a Rule 7(d) motion turns on considerations of relevance and prejudice." *United States v. O'Connor*, 656 F.3d 630, 645 (7th Cir. 2011). "Surplusage should not be stricken unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *Id.* (quoting *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006)). "A motion to strike surplusage should be granted only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a rather exacting standard, and only rarely has surplusage been ordered stricken." *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987). "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990).

## II. DISCUSSION

In her Motion, Ms. Agee asks the Court to strike surplusage from the Amended Indictment because the Amended Indictment "is replete with allegations that Ms. Agee and the other co-Defendants violated the civil regulations, policies and standard operating procedures relating to the SBA's small business lending program." ([Filing No. 136 at 1](Filing No. 136 at 1).) She argues,

> In some instances, the Indictment seeks to create laws where there are none. The morass of the SBA's civil regulatory scheme is 1) not relevant to the charges, 2)

> will prejudice Ms. Agee and the other co-Defendants and unfairly inflame the jury against them, and 3) will confuse the jury at the beginning of the case from the elements of the crimes charged and the burden of proof applicable to a criminal case.

*Id.*

Ms. Agee specifically targets allegations in Paragraphs 10–14, 26, 35–36, 44, 57, 60, 65, 70, 74–77, 83, 86–88, and 91 of the Amended Indictment because, she argues, these allegations are irrelevant, prejudicial, and inflammatory and are likely to cause juror confusion of the issues. She also asks the Court to strike Paragraphs 82 and 105 because these paragraphs have no relevance to any of the counts and are unfairly prejudicial and inflammatory. These paragraphs contain expansive allegations concerning the SBA's policies, standard operating procedures, loan programs, and loan requirements as well as allegations of violations of the SBA's policies and regulations.

Ms. Agee argues that the surplusage in the Amended Indictment serves no purpose other than to distract the jury from the Government's burden of proof on each element of the crimes charged by attempting to establish violations of civil regulations applicable to the SBA lending program. However, because the Government is not seeking civil remedies, the civil regulations are not relevant to proving the crimes charged in the Amended Indictment.

Ms. Agee is charged with wire fraud in the context of allegedly making false statements to the SBA. Thus, she asserts allegations that she violated SBA regulations, policies, or standard operating procedures are not necessary to establish a violation of the wire fraud statute. *See* 18 U.S.C. § 1343; *see also United States v. Buncich*, 926 F.3d 361, 366 (7th Cir. 2019) ("To establish wire fraud under 18 U.S.C. § 1343, the government must prove the defendant (1) participated in a scheme to defraud, (2) intended to defraud, and (3) used interstate wires in furtherance of the fraud."). An outline of SBA policies and procedures is unnecessary to prove a conspiracy to

commit wire fraud affecting a financial institution or wire fraud affecting a financial institution. Ms. Agee argues all allegations that she or the other co-Defendants violated SBA regulations are surplusage. They are surplusage because they are allegations that "would have . . . no legal relevance if proved." *Miller*, 471 U.S. at 137. Concerning references to SBA rules and policies, they are surplusage because they constitute "nothing more than background and contextual information." *United States v. Groos*, 616 F. Supp. 2d 777, 790 (N.D. Ill. 2008). She contends that the surplusage invites the jury to make a "judgment of Ms. Agee based on how well she followed the SBA's civil regulatory scheme." ([Filing No. 136 at 7](#).)

Additionally, Ms. Agee argues that the allegations in "Paragraphs 10–14, 26, 35–36, 44, 57, 60, 65, 70, 74–77, 83, 86–88 and 91, outlined above, create the highly inflammatory and prejudicial perception that violations of the civil regulatory scheme governing the SBA lending program are, in and of themselves, criminal conduct." *Id.* at 10. "Separately, Paragraphs 82 and 105 are also inflammatory as against Ms. Agee because (as established above) these paragraphs are not relevant to the charges against her." *Id.* at 11. She argues that Paragraph 82 contains an inflammatory and prejudicial implication that she is responsible for others' actions, and Paragraph 105 would only inflame the jury by broadening the allegations against her to somehow include her disagreement with SBA policy. Ms. Agee asserts that the surplusage likely will confuse the jury and prejudice the Defendants.

The Government opposes Ms. Agee's Motion, and explains, "Words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage." *United States v. Root*, 366 F.2d 377, 381 (9th Cir. 1966); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 156 (D.D.C. 2017) ("[W]ords used to describe essential facts relevant to the offense are not surplusage subject to being stricken."). The

Government contends that Ms. Agee has been charged with defrauding the SBA's 7(a) guaranty program, yet she somehow believes that the rules governing that program are irrelevant to the charges, and, thus, references to them in the Amended Indictment should be removed. However, the Government notes, surplusage should be stricken only if the allegations are immaterial, irrelevant, and prejudicial, and none of the challenged allegations, which concern the SBA's rules and processes and the Defendants' efforts to thwart them, run afoul of this standard.

The Government asserts that the allegations concerning the SBA rules and processes are highly relevant to multiple elements of the charged crimes of conspiracy to commit wire fraud affecting a financial institution and wire fraud affecting a financial institution. The Government must prove materially false representations by the Defendant, and the SBA rules and processes are relevant to the element of materiality. The SBA's 7(a) guaranty program is necessarily governed by rules and regulations, and to coherently allege why the Defendants' misrepresentations were material to the SBA's decision to guaranty loans and purchase defaulted loans, there have to be allegations as to what rules the SBA employees were attempting to follow in the first place.

The Government further argues the allegations are relevant to whether the Defendants' representations were false. The Defendants are alleged to have made a false certification on a loan purchase request, which is a certification that had to be made for the SBA to honor the loan guarantee. And the false certifications incorporated and referred to the SBA's program requirements, which Ms. Agee now wants stricken from the Amended Indictment. The Government cannot allege and subsequently prove how a certification is false without also alleging what the requirement is that is being certified by the Defendants. The allegations also are relevant to the Defendants' motive and intent to defraud by showing that they knew the SBA's rules and originated loans to circumvent those rules.

The Government also asserts that the SBA's rules and processes are relevant to the element that the scheme to defraud affected a financial institution. The Amended Indictment alleges that if the SBA rules were not followed, the SBA could deny the guarantee, which would result in losses to the lending institution. "Without an understanding of why and when the SBA would deny a guaranty—decisions that are necessarily based on the SBA's rules—it would make little sense how a financial institution could be affected by the defendants' alleged conduct." ([Filing No. 164 at 6](#).)

The Government contends that the challenged allegations are factual allegations about the rules and policies that the Defendants tried to thwart in their charged scheme to defraud. The challenged allegations concern the very program the Defendants are charged with defrauding and directly relate to the elements of those crimes.

Concerning Paragraph 82 specifically, the Government asserts that this paragraph is merely one of the manner and means of the charged conspiracy to commit wire fraud affecting a financial institution. Merely because that paragraph does not allege any conduct by Ms. Agee does not mean it is irrelevant as to her. A defendant is responsible for the conduct of her co-conspirators if reasonably foreseeable to her and taken in furtherance of the conspiracy. *United v. Conley*, 875 F.3d 391, 401 (7th Cir. 2017). This paragraph is not surplusage. As to Ms. Agee's challenge to Paragraph 105, "[t]he Government has no objection to striking paragraph 105, as it was part of the now-dismissed Count Six." ([Filing No. 164 at 9](#) n.1.)

Finally, the Government asserts that the allegations in the Amended Indictment are not inflammatory and prejudicial. The allegations do not use sensational or flippant language; rather, they plainly describe the rules and how the Defendants schemed to circumvent them. Courts have addressed concerns of prejudice with a jury instruction cautioning that a civil violation on its own

is not a crime but may be considered as evidence of a defendant's intent. *See United States v. Butler*, 429 F.3d 140 (5th Cir. 2005).

After reviewing the allegations of the Amended Complaint, the five remaining counts to be tried by the jury, the parties' arguments, and the supporting case law, the Court agrees with the Government's position regarding the relevancy of the challenged allegations. These allegations provide the necessary foundation and context for the Government to try to prove the elements of the crimes charged: materiality, false representations, intent to defraud, and affecting a financial institution. Paragraph 82 is appropriately included as an allegation of the manner and means of the charged conspiracy. Because the Court concludes that the allegations are relevant, the Court need not reach the second factor of prejudice,[2] and the Motion to Strike Surplusage is **denied** with the exception of Paragraph 105,[3] which is stricken from the Amended Indictment.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Ms. Agee's Motion to Strike Surplusage ([Filing No. 135](#)). Paragraph 105 is stricken from the Amended Indictment, and all other challenged allegations may remain. The Government is **directed** to prepare and file a Second Amended Indictment by no later than **July 16, 2021**, that removes Paragraph 105 as well as the previously dismissed Counts 6–11.

**SO ORDERED.**

Date:   7/9/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[2] "Surplusage should not be stricken unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *O'Connor*, 656 F.3d at 645. "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *Scarpa*, 913 F.2d at 1013.

[3] The Court determines that striking Paragraph 105 is appropriate because, as conceded to by the Government, the paragraph is part of the now-dismissed Count Six, so it is not relevant. Further, the Court concludes that an allegation that Ms. Agee wrote "they got us" is unfairly prejudicial when such an allegation is made within a dismissed count.

7

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY
DEFENDERS
mike.donahoe@fd.org

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

William E. Johnston
US DEPARTMENT OF JUSTICE
william.johnston4@usdoj.gov

Jennifer Lukemeyer
VOYLES VAIANA LUKEMEYER
BALDWIN & WEBB
jlukemeyer@voyleslegal.com

Vasanth Raman Sridharan
US DEPARTMENT OF JUSTICE
vasanth.sridharan@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James H. Voyles
VOYLES VAIANA LUKEMEYER
BALDWIN & WEBB
jvoyles@voyleslegal.com