**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cr-00103-TWP-DLP |
| ) | |
| KERRI AGEE, KELLY ISLEY, ) | -01, -02, -03, -04, -05 |
| NICOLE SMITH, CHAD GRIFFIN, ) | |
| and MATTHEW SMITH, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON GOVERNMENT'S THIRD MOTION IN *LIMINE*

This matter is before the Court on a Motion in *Limine* filed by Plaintiff United States of America ("the Government") ([Filing No. 200](#)). Defendants Kerri Agee, Kelly Isley, Nicole Smith-Kelso, Chad Griffin, and Matthew Smith (collectively, "Defendants") are scheduled for trial by jury on July 26, 2021, on multiple counts of wire fraud affecting a financial institution and conspiracy to commit wire fraud affecting a financial institution. The Government seeks a preliminary ruling allowing it to introduce prior statements made to the Government by Defendants Nicole Smith, Chad Griffin, and Kelly Isley, as authorized by terms of the proffer agreements executed in this case. The Government points out that the proffer agreements provide, "in the event the Defendant takes the stand, the proffer statements may be used for purposes of cross-examination, and the statements may be used to rebut any evidence or arguments offered on their behalf" ([Filing No. 200-1](#); [Filing No. 200-2](#); [Filing No. 200-3](#)).

The Seventh Circuit has held that proffer agreements are "contracts," and "[a]s a contract, a proffer agreement must be enforced according to its terms." *United States v. Lopez*, 222 F.3d 428, 434 (7th Cir. 2000) (quoting *United States v. Cobblah*, 118 F.3d 549, 551 (7th Cir. 1997)).

"As a general proposition, pre-trial agreements such as cooperation and proffer agreements are interpreted according to principles of contract law. When the terms of a contract are unambiguous, the intent of the parties is discerned from the four corners of the contract." *United States v. $87,118.00 in United States Currency*, 95 F.3d 511, 516 (7th Cir. 1996) (internal citations omitted). "It is well settled in this Circuit that once the defendant has entered into a proffer agreement, if he then offers evidence or arguments at trial inconsistent with the information provided in his offer, the government may introduce the contents of the proffer." *United States v. Peel*, 2006 WL 3804846, at *5 (S.D. Ill. Dec. 22, 2006) (citing *United States v. Krilich*, 159 F.3d 1020 (7th Cir. 1998)).

The Government's position is well-taken and supported by the case law and the attached proffer agreements (*see* [Filing No. 200-1](); [Filing No. 200-2](); [Filing No. 200-3]()). Therefore, the Government's Motion in *Limine* ([Filing No. 200]()) is **granted**, and the Government may introduce the Defendants' proffer statements according to the terms of their proffer agreements if those conditions are met. An order in *limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   7/23/2021

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY
DEFENDERS
mike.donahoe@fd.org

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

William E. Johnston
US DEPARTMENT OF JUSTICE
william.johnston4@usdoj.gov

Jennifer Lukemeyer
VOYLES VAIANA LUKEMEYER
BALDWIN & WEBB
jlukemeyer@voyleslegal.com

Vasanth Raman Sridharan
US DEPARTMENT OF JUSTICE
vasanth.sridharan@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James H. Voyles
VOYLES VAIANA LUKEMEYER
BALDWIN & WEBB
jvoyles@voyleslegal.com