UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00103-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KERRI AGEE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cr-00103-TWP-TAB-1 |
| | ) |
| KERRI AGEE, | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Kerri Agee's ("Agee") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 462).[1] For the reasons explained below, her Motion is **denied**.

### I. BACKGROUND

In August 2021, a jury found Agee guilty of one count of conspiracy to commit wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349, and four counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343 and 2. (Dkts. 234, 360.) Agee was the founder, president, and chief executive officer of Banc-Serv Partners, LLP ("Banc-Serv"), a lending service provider which represented lenders before the Small Business Administration ("SBA"), and packaged, originated, disbursed, serviced, or liquidated SBA-guaranteed loans on the lender's behalf. *United States v. Griffin*, 76 F.4th 724, 733 (7th Cir. 2023). As summarized by the Seventh Circuit:

> Through their work with Banc-Serv, [Agee and her co-defendants] engaged in a scheme to obtain SBA guarantees for loans that did not meet the SBA's guidelines and requirements. They made false statements on loan-guarantee applications and purchase requests sent to the SBA about matters such as borrowers' eligibility to

---

[1] Agee also has pending two Motions for Sentence Reduction pursuant § 3582(c)(1)(2) under the terms of Amendment 821 to the United States Sentencing Guidelines (Dkts. 451,458). Those motions will be addressed in a separate entry.

2

>receive a loan and how loan proceeds would be disbursed. For example, they worked to obtain SBA-guaranteed financing for uses the SBA deemed ineligible, such as paying off past-due payroll taxes and personal debt, by falsely designating the loan proceeds going to those ineligible uses as "working capital," or capital to cover a business's normal operating expenses. The defendants also submitted applications through the Express Program for loans and borrowers that the SBA previously had deemed ineligible. The defendants then renewed their misrepresentations in the paperwork they submitted as part of the purchase requests they sent to the SBA.

*Id.* at 734.

Agee faced a guidelines range of 108 to 135 months of imprisonment. (Dkt. 364 at 17.) The Court sentenced her to 68 months of imprisonment to be followed by three years of supervised release. (Dkt. 360 at 2, 3.) The Bureau of Prisons ("BOP") reports Agee's anticipated release date (with good-conduct time included) as December 12, 2025. https://www.bop.gov/inmateloc/ (last visited June 4, 2024).

Agee has filed a *pro se* motion for compassionate release. (Dkt. 462.) She argues an extraordinary and compelling reason for compassionate release exists, because she needs to be home to provide care for her teenaged daughters who are suffering negative consequences from her incarceration. *Id.* at 1-2. The Government filed a response in opposition, asserting that Agee has not exhausted her administrative remedies, and even if she had, she has not demonstrated extraordinary and compelling reasons for compassionate release. (Dkt. 459.) The motion is now ripe for the Court's consideration.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a

3

reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

The Government first argues that Ms. Agee failed to properly exhaust her claim through BOP channels as required by statute. (Dkt. 459 at 6.) Agee concedes that she has not petitioned the Warden of her facility for release and contends she should be excused from this requirement

4

because the Warden has informed her that the response time is up to six months due to a large backlog. *Id.*

The Court must deny Agee's contention because it is not permitted to exempt Agee from the exhaustion requirement in these circumstances. In *United States v. Moore*, the defendant claimed that he should be exempt from the exhaustion requirement because the warden of his facility had never filed a compassionate release motion on behalf of any prisoner. 2022 WL 17982907, at *2 (7th Cir. Dec. 29, 2022). The Seventh Circuit has held that "[t]he compassionate-release statute does not excuse exhaustion even if a warden is 'unavailable' because the warden categorically refuses to move for any prisoner's compassionate release." *Id.* Specifically, the court stated that, when a prisoner encounters a recalcitrant warden, Congress has fashioned a specific mechanism for relief, "seek[ing] compassionate release themselves in federal court if a warden does not respond to their requests within 30 days." *Id.* The court held that a warden's recalcitrance does not relieve the defendant of their exhaustion duty. *Id.* Because Agee is able to take advantage of Congress's relief valve from the Warden's unresponsiveness to compassionate release petitions, she is not exempt from the compassionate release statute's exhaustion requirement. For these reasons, Agee's Motion must be **denied**.

But even if she had properly exhausted, Agee has not met her burden to establish extraordinary and compelling reasons for release. Agee writes that her daughters ages 16, 16, and 14 are facing a crisis that requires immediate attention and intervention. (Dkt. 462 at 1). She contends the children's biological father, her ex-husband, has abandoned them. *Id*. at 2. She argues that her desire to be home to help her three teenaged daughters who are suffering mental health issues due to their mother's incarceration constitute extraordinary and compelling reasons for release. *Id*.

The United States Sentencing Commission's policy statement currently in force regarding when extraordinary and compelling reasons for release are present permits a court to find that such reasons exist due to "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). She mentions only "abandonment of their biological father Matthew Smith." ("Smith") (Dkt. 462 at 2.) According to the pre-sentence investigation report, Agee and Smith divorced several years prior to her arrest in this matter and her children had been in her care until her incarceration. (Dkt. 312 at 23.) It is unclear whether Smith has been the caregiver for the children during her incarceration. Agee has not produced any evidence regarding the children's current caregiver. Even if the children's father has been their caregiver, Agee has presented no evidence that he has died or is incapacitated. And she does not provide any details or evidence to support her claims concerning her children's mental health crises. The Court is sympathetic to the difficulties children experience when a parent is incarcerated, however, many inmates have children for whom they wish to be home to provide care. Such a desire is common, not extraordinary. Agee therefore has not shown that an extraordinary and compelling reason for her release exists based on her family circumstances whether considered alone or in combination with any other reason. Accordingly, her motion is **denied.**

Finally, although Agee is likely not a danger to the community, because the Court does not find that she has established extraordinary and compelling reasons to release her, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release.

### III. CONCLUSION

For the reasons stated above, Agee's Motion for compassionate release, Dkt. [462], is **DENIED**.

**SO ORDERED.**

Date: 6/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kerri Agee, #16969-028
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, Connecticut  06811

Vasanth Raman Sridharan
U.S. DEPARTMENT OF JUSTICE
vasanth.sridharan@usdoj.gov

William E. Johnston
DOJ-CRM
BIRD, MARELLA, RHOW, LINCENBERG,
 DROOKS & NESSIM, LLP
wjohnston@birdmarella.com